An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF STEVEN CHARLES LYNES, ESQ., BAR NO. 6400.

No. 62802

**FILED**

AUG 01 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

## ORDER IMPOSING RECIPROCAL DISCIPLINE

This is a petition under SCR 114 for reciprocal discipline of attorney Steven Charles Lynes, based on discipline imposed on him in California. Lynes did not self-report the disciplinary sanctions imposed by California as required by SCR 114(1), and he has not responded to the petition. *See* SCR 114(3).[1]

*Case no. S205810*

The California Supreme Court entered an order in case no. S205810 on December 10, 2012, wherein Lynes was placed on a two-year stayed suspension from the practice of law in California and a two-year probationary period. During Lynes's probationary period, he must adhere to the following conditions: spend the first 90 days in actual suspension;

---

[1]Lynes has been suspended from the practice of law in Nevada since June 2008 for failing to pay his State Bar membership fees, *see* SCR 98(9)-(12), and since December 2008 for failing to complete his continuing legal education requirements, *see* SCR 212(5).

SUPREME COURT
OF
NEVADA

(O) 1947A

14-25243

comply with the California Bar Act and the California Rules of Professional Conduct; submit written quarterly reports to the Office of Probation, with a final report due no earlier than 20 days before the last day of the probation period; answer fully, promptly, and truthfully, any inquiries of the Office of Probation relating to whether Lynes is complying or has complied with the conditions of probation; report any change in information to the California Bar and Office of Probation within 10 days of the change; schedule a meeting with a probation deputy within 30 days of the effective date of discipline and meet with the probation deputy, in person or by telephone, as directed and upon request; attend Ethics School within one year of the effective date of discipline and provide proof of attendance and passage of the session-end test to the Office of Probation; and take and pass the Multistate Professional Responsibility Examination (MPRE) within one year of the effective date of discipline.[2]

Lynes was disciplined in case S205810 for failing to provide a client with an accounting or billing statements, failing to respond to clients' status requests, failing to provide a client with a copy of the client's file, failing to promptly refund unearned fees to a client, and failing to cooperate in pending disciplinary investigations. In so doing, Lynes was found to have violated California Rule of Professional Conduct (RPC) 4-100(B)(3), equivalent to Nevada RPC 1.15 (safekeeping property); California Business and Professions Code (BPC) section 6068(m), equivalent to Nevada RPC 1.4 (communication); California RPC 3-700(D)(1), equivalent to Nevada RPC 1.16 (declining or terminating

---

[2]Lynes was also ordered to pay the costs of the disciplinary proceedings.

SUPREME COURT
OF
NEVADA

(O) 1947A

representation); California RPC 3-700(D)(2), equivalent to Nevada RPC 1.15 (safekeeping property); and BPC section 6068(i), equivalent to Nevada RPC 8.1 (bar admission and disciplinary matters). One aggravating factor—multiple acts of misconduct involving multiple clients—and one mitigating circumstance—no prior record of discipline—were considered.

*Case no. S206240*

The California Supreme Court entered an order in case no. S206240 on January 9, 2013, wherein Lynes was placed on a two-year stayed suspension from the practice of law in California and a two-year probationary period. During Lynes's probationary period, he must adhere to the following conditions: comply with the California Bar Act and the California Rules of Professional Conduct; report any change in information to the California Bar and Office of Probation within 10 days of the change; schedule a meeting with a probation deputy within 30 days of the effective date of discipline and meet with the probation deputy, in person or by telephone, as directed and upon request, to discuss terms and conditions of probation; submit written quarterly reports to the Office of Probation, with a final report due no earlier than 20 days before the last day of the probation period; answer fully, promptly, and truthfully, any inquiries of the Office of Probation relating to whether Lynes is complying or has complied with the conditions of probation; attend Ethics School within one year of the effective date of discipline and provide proof of attendance and

passage of the session-end test to the Office of Probation; and take and pass the MPRE within one year of the effective date of discipline.[3]

Lynes was disciplined in case S206240 for failing to act competently, failing to respond to a client's status requests, failing to promptly refund unearned fees to a client, and failing to cooperate in pending disciplinary investigations. In so doing, Lynes was found to have violated California RPC 3-110A, equivalent to Nevada RPC 1.1 (competence); BPC section 6068(m), equivalent to Nevada RPC 1.4 (communication); California RPC 3-700(D)(2), equivalent to Nevada RPC 1.15 (safekeeping property); and BPC section 6068(i), equivalent to Nevada RPC 8.1 (bar admission and disciplinary matters). One aggravating factor—prior record of discipline—and no mitigating circumstances were considered.

*Reciprocal Discipline*

SCR 114(4) provides that this court shall impose identical reciprocal discipline unless the attorney demonstrates, or this court finds, that at least one of four factors is present: (1) the procedure in the other jurisdiction denied the attorney due process; (2) there was such an infirmity of proof of the misconduct in the other jurisdiction that this court cannot accept the other court's decision; (3) substantially different discipline is warranted in this state; or (4) the established misconduct does not constitute misconduct under the rules of this state. Discipline elsewhere is res judicata, as SCR 114(5) provides that "[i]n all other respects, a final adjudication in another jurisdiction that an attorney has

---

[3]Lynes was also ordered to pay restitution and the costs of the disciplinary proceedings.

engaged in misconduct conclusively establishes the misconduct for the purposes of a disciplinary proceeding in this state."

We are not persuaded that any of the exceptions apply to this case. Accordingly, we grant the petition for reciprocal discipline. We hereby suspend Steven Charles Lynes for two years, stay the suspension, and place him on probation for two years. Consistent with the California terms of probation, Lynes must spend the first 90 days in actual suspension. Further, Lynes shall copy Nevada Bar Counsel with proof of his compliance with the conditions of his probation in California. In particular, Lynes shall provide all reports submitted to the California State Bar probation unit, proof of attendance at Ethics School, and his MPRE score. This discipline shall commence on the date this order is filed. Lynes and the Nevada State Bar shall comply with SCR 115 and SCR 121.1.

It is so ORDERED.

_____, C.J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Saitta

cc: Glenn M. Machado, Bar Counsel
Steven Charles Lynes
Jeffrey R. Albregts, Chair, Southern Nevada Disciplinary Board
Kimberly K. Farmer, Executive Director, State Bar of Nevada
Perry Thompson, Admissions Office, United States Supreme Court